IN RE:
FUNDAMENTAL LONG TERM CARE, INC.

          Debtor.
_____/

ESTATE OF ARLENE TOWNSEND,
ESTATE OF ELVIRA NUNZIATA,
ESTATE OF JAMES HENRY JONES,
ESTATE OF JOSEPH WEBB,
ESTATE OF OPAL LEE SASSER,
and ESTATE OF JUANITA JACKSON,

          Appellants,
                              Case No.    8:19-cv-2176-T-33
v.                            Bankr. No.  8:11-bk-22258-MGW

SHUMAKER, LOOP & KENDRICK, LLP,

          Appellee.
_____/

## **ORDER**

     This matter comes before the Court pursuant to Appellee
Shumaker, Loop & Kendrick, LLP's September 20, 2019, Motion
to Strike, in part, the Notice of Appeal, Designation of
Record and Statement of Issues filed by Appellants. (Doc. #
3). Appellants — the Estates of Arlene Townsend, Elvira
Nunziata, James Henry Jones, Joseph Webb, Opal Lee Sasser,
and Juanita Jackson (the "Estates") — responded in opposition
on October 4, 2019. (Doc. # 8). For the reasons given below,
the Motion is granted in part and denied in part.

## I.  **Background**

As this Court has previously noted, the underlying Chapter 7 bankruptcy proceeding has been ongoing for several years. A recitation of its history is not necessary here.

Attorney Steven Berman, Esq., of Shumaker, Loop & Kendrick, served as the Chapter 7 Trustee's special litigation counsel from 2012 to 2015. (Doc. ## 3, 9-52, 10-141). On June 4, 2018, the Estates filed a Motion to Disqualify Berman and Shumaker as counsel to the Chapter 7 Trustee *Nunc Pro Tunc* and for Disgorgement of Compensation (the "Disqualification Motion"). (Doc. # 10-577). In the Disqualification Motion, the Estates accused Shumaker and Berman of (1) holding interests adverse to the bankruptcy estate, in violation of Section 327 of the Bankruptcy Code; and (2) failing to disclose certain connections they had to entities involved in the bankruptcy litigation, in violation of Federal Rule of Bankruptcy Procedure 2014. (Id. at 26-33). On that basis, the Estates sought Berman's and Shumaker's disqualification *nunc pro tunc* to the date of its original employment in 2012 and disgorgement of all past and future compensation. (Id. at 33-35).

On the same date that they filed the Disqualification Motion, the Estates also filed a Motion to Withdraw the

Reference on the Contested Matter Initiated by the Disqualification Motion. (Doc. # 10-612). That motion asserted that Edward Comey, law clerk for the presiding judge in the bankruptcy matter, the Honorable Michael G. Williamson, was a former associate at Shumaker and that his prior association with the firm might lend him unfair extrajudicial knowledge. (Id. at 4-9). Accordingly, the Estates requested that the District Court rule on the Disqualification Motion. (Id. at 11). The District Court denied the Motion to Withdraw the Reference, finding that the bankruptcy judge's determination of the Disqualification Motion "promotes the efficient use of judicial resources and advances uniformity in bankruptcy procedure." In re Fundamental Long Term Care, Inc., No. 8:18-cv-1602-T-23, 2018 WL 5717425, at *1 (M.D. Fla. Nov. 1, 2018).

On January 17, 2019, the Estates filed a Motion for Recusal (the "Recusal Motion"), seeking the recusal of Judge Williamson and Mr. Comey from the case in its entirety. (Doc. # 11-10). Specifically, the Estates argued that Mr. Comey had a conflict of interest because he previously worked for Shumaker and his wife was currently a partner at that firm. (Id. at 1-2, 5-6). They insisted that Mr. Comey's bias should be imputed to Judge Williamson. (Id. at 8).

On June 7, 2019, Judge Williamson granted Appellants'
motion to recuse in part and denied it in part (the "Recusal
Order"). (Doc. # 11-38). The Bankruptcy Court noted that the
Estates based their Recusal Motion solely on Mr. Comey's links
to Shumaker, rather than any direct conflicts on the part of
the judge, and it explained that Mr. Comey had been screened
from the case as of the date the Estates filed the
Disqualification Motion. (Id. at 11-12, 17). Further, the
Bankruptcy Court found that Mr. Comey's conflicts should not
be imputed to Judge Williamson because there had been no
substantive participation by Mr. Comey on the
Disqualification Motion and the Estates had shown no actual
bias by the judge. (Id. at 12-13, 17). Thus, Judge Williamson
declined to recuse himself but isolated Mr. Comey from the
case. (Id. at 19).

Dissatisfied with this result, the Estates sought an
interlocutory appeal of the Recusal Order. In re Fundamental
Long Term Care, No. 8:19-cv-1564-T-33, 2019 WL 3429546, at *1
(M.D. Fla. July 30, 2019). On July 30, 2019, this Court denied
the Estates leave to appeal the Recusal Order, finding that
the Estates had failed to demonstrate any of the three
elements required for an interlocutory order. Id. at *3.

In addition, on June 21, 2019, the Estates filed a petition for a writ of mandamus with the District Court, seeking to have the District Court compel Judge Williamson to recuse himself from the entire underlying Chapter 7 bankruptcy proceeding. In re: Estate of Juanita Jackson, et al., Case no. 8:19-cv-1517-MSS-TGW, Doc. # 1. On September 27, 2019, Judge Scriven denied the petition. Id., Doc. # 16.

On August 21, 2019, the Bankruptcy Court entered its order on the Disqualification Motion, denying disqualification and finding that Shumaker did not violate Section 327 of the Bankruptcy Code or Bankruptcy Rule 2014 (the "Disqualification Order"). (Doc. # 11-52).

According to the September 4, 2019, Notice of Appeal, the Estates seek to appeal two orders entered by the Bankruptcy Court: (1) the August 21, 2019, Disqualification Order and (2) the June 7, 2019, Recusal Order. (Doc. # 1). Shumaker now moves to strike the Notice of Appeal to the extent it attempts to appeal the Recusal Order. (Doc. # 3). Shumaker also moves to strike the corresponding Appellants' Designation of Record and Statement of Issues to the extent those documents reflect an attempt to appeal the Recusal Order. (Id. at 1-2, 12). The Estates have responded, and the Motion is ripe for review.

## II. **Discussion**

Shumaker argues that the Estates should not be allowed to "bootstrap" an appeal of the interlocutory Recusal Order to the appeal of the Disqualification Order because (1) this Court already denied the Estates leave to file an interlocutory appeal of the Recusal Order, and (2) the Recusal Order is not so inextricably intertwined with the Disqualification Order that the Court may exercise pendent appellate jurisdiction over the Recusal Order. (Doc. # 3 at 9, 10).

For their part, the Estates argue that the Motion to Strike should be denied for three reasons. (Doc. # 8 at 3). First, the Recusal Order was an interlocutory order that "merged" with the final, appealable Disqualification Order. (Id. at 3, 4-6). Second, the Estates argue that this Court has pendent appellate jurisdiction over the Recusal Order because that Order is "inextricably intertwined" with the Disqualification Order and review of the Recusal Order is "necessary to ensure meaningful review" of the Disqualification Order. (Id. at 3, 6-8). Finally, the Estates contend that this Court's denial of their earlier motion for leave to file an interlocutory appeal is not dispositive of the issue. (Id. at 4, 8-10).

**A.  "Merger" of Recusal Order into Appealable Order**

A party may appeal, as of right, to the district court from final "judgments, orders, and decrees" of the bankruptcy court. 28 U.S.C. § 158(a)(1). The parties agree that the Recusal Order here is an interlocutory order and that the Disqualification Order is a final, appealable order.

The Estates argue that, "in normal civil proceedings [] 'an appeal from a final judgment draws in question all prior non-final orders and rulings which produced the judgment.'" (Doc. # 8 at 4) (citing Toomey v. Wachovia Ins. Servs., Inc., 450 F.3d 1225, 1229 n.2 (11th Cir. 2006)). Indeed, in the context of an appeal from the district court to the Eleventh Circuit, a district judge's refusal to recuse himself or herself may only be "complained of on appeal from final judgment." Diversified Numismatics, Inc. v. City of Orlando, 949 F.2d 382, 384 (11th Cir. 1991).

Of course, while it may be the case generally that a district court's final order merges with all prior interlocutory orders, and thus appeal must be had of all orders at the same time, bankruptcy court orders are of a different breed. In the context of bankruptcy proceedings, "finality" is given a flexible interpretation. See In re Donovan, 532 F.3d 1134, 1136 (11th Cir. 2008). So long as

the order completely resolves all issues pertaining to a discrete claim or controversy within the bankruptcy proceedings, it will be deemed "final." Id. at 1136-37. This flexible standard, however, does not mean that the district court has jurisdiction over every order the bankruptcy court issues. Id.

Even if this Court were more amenable to the Estates' general merger argument, the Court disagrees with the Estates' formulation of the argument — that the Recusal Order was an earlier, interlocutory order that helped to "produce" the Disqualification Order. (Doc. # 8 at 5). Indeed, if the Court were to adopt the reading urged by the Estates, the Recusal Order would have "produced" every single order flowing thereafter in the bankruptcy proceeding. Under these circumstances, the Court does not believe that the Recusal Order "merged" with the Disqualification Order.

**B. Pendent Appellate Jurisdiction**

Upon entry of a final order by the Bankruptcy Court, a party may appeal to the United States District Court pursuant to 28 U.S.C. § 158(a). The District Court functions as an appellate court in reviewing decisions of the Bankruptcy Court. Varsity Carpet Servs., Inc. v. Richardson (In re Colortex Indus., Inc.), 19 F.3d 1371, 1374 (11th Cir. 1994).

Other district courts have utilized pendent appellate jurisdiction when deciding whether to exercise jurisdiction over non-final orders of the bankruptcy court. See Credit One Fin. v. Anderson (In re Anderson), 550 B.R. 228, 235-36 (S.D.N.Y. 2016) (refusing to exercise pendent jurisdiction over bankruptcy court's interlocutory orders where those orders were not inextricably intertwined with a reviewable order); see also Conopco, Inc. v. Heartland Processing, LLC, no. 1:07-cv—813-JDT-TAB, 2007 WL 4580036, at *3-4 (S.D. Ind. Dec. 21, 2007) (holding that, because the issues to be resolved in both appeals were distinct and could be decided independently, the exercise of pendent appellate jurisdiction over an interlocutory order of the bankruptcy court would not be appropriate). Thus, the Court will use the law of pendent appellate jurisdiction, as set forth by the U.S. Supreme Court and the Eleventh Circuit, to determine if it may exercise pendent appellate jurisdiction in this matter.

"Pendent appellate jurisdiction is present when a nonappealable decision is 'inextricably intertwined' with the appealable decision or when 'review of the former decision is necessary to ensure meaningful review of the latter.'" King v. Cessna Aircraft Co., 562 F.3d 1374, 1379 (11th Cir. 2009) (internal alteration omitted). Although the question of

whether to exercise pendent appellate jurisdiction is discretionary, an appeals court will do so "only under rare circumstances" and "in only limited factual scenarios." Id. at 1379, 1380; Summit Med. Assocs., P.C. v. Pryor, 180 F.3d 1326, 1335 (11th Cir. 1999); see also Swint v. Chambers Cty. Comm'n, 514 U.S. 35, 49-50 (1995) (cautioning that "a rule loosely allowing pendent appellate jurisdiction would encourage parties to parlay [appealable] collateral orders into multi-issue interlocutory appeal tickets"). Accordingly, "such jurisdiction [does] not exist when resolution of the nonappealable issue [is] not necessary to resolve the appealable one." King, 562 F.3d at 1380. Therefore, where a court can consider and decide the appealable issue or order without addressing or considering the nonappealable issues or orders, an exercise of pendent appellate jurisdiction is not warranted. Id.

Thus, this Court may properly exercise pendent jurisdiction over the Recusal Order only if the issues considered and decided therein are "inextricably intertwined" with the issues considered and decided in the Disqualification Motion or if review of the Recusal Order is necessary to ensure meaningful review of the Disqualification Order. See King, 562 F.3d at 1379.

In the Recusal Order, the Bankruptcy Court was considering whether Judge Williamson and/or his law clerk, Mr. Comey, must be disqualified from the underlying bankruptcy case under 28 U.S.C. § 455 and Federal Rule of Bankruptcy Procedure 5004. <u>See</u> (Doc. ## 11-10, 11-38).

A federal judge, including a bankruptcy judge, must recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); <u>see</u> <u>also</u> Fed. R. Bankr. P. 5004(a) (contemplating that bankruptcy judges shall be governed by Section 455). A bankruptcy judge must also recuse himself when, among other things: (1) he has "personal knowledge of disputed evidentiary facts concerning the proceeding"; (2) a lawyer with whom he previously practiced law served during such association as a lawyer on the matter; (3) he or his spouse "has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding"; or (4) his spouse is acting as a lawyer in the proceeding or the judge knows his spouse has an interest that could be substantially affected by the outcome of the proceedings. 28 U.S.C. § 455(b)(1),(2),(4),(5). As a general matter, "[i]f a clerk has a possible conflict of interest, it is the clerk, not the

judge who must be disqualified." <u>Byrne v. Nezhat</u>, 261 F.3d 1075, 1101-02 (11th Cir. 2001), abrogated on other grounds by <u>Douglas Asphalt Co. v. QORE, Inc.</u>, 657 F.3d 1146 (11th Cir. 2011).

In issuing the Recusal Order, the Bankruptcy Court considered these legal principles, along with Mr. Comey's associations with Shumaker. <u>See</u> (Doc. # 11-38). The Bankruptcy Court also considered numerous questions, such as whether Mr. Comey ought to be screened from any work on the then-pending Disqualification Motion, whether Mr. Comey should have been previously screened from working on the bankruptcy case at all, whether Mr. Comey's potential conflicts of interest should be imputed to Judge Williamson, whether the Estates had shown any actual bias on the part of Judge Williamson, whether the Recusal Motion was filed to obtain a strategic advantage, and whether the rendered remedy (of isolating Mr. Comey from the case) was appropriate. <u>See</u> (<u>Id.</u>).

In contrast, in the Disqualification Order, the Bankruptcy Court considered whether Berman and Shumaker were not "disinterested" persons and held interests adverse to the bankruptcy estate and/or its creditors, in violation of 11 U.S.C. § 327(a) and whether Berman and Shumaker failed to

disclose certain connections as required by Federal Rule of Bankruptcy Procedure 2014. (Doc. ## 10-577, 11-52).

The Bankruptcy Code allows trustees to hire professionals, including attorneys, with court approval. 11 U.S.C. § 327(a). These professionals must not "hold or represent an interest adverse to the estate" and must be "disinterested." Id. The definition of a "disinterested person" includes a person that "is not a creditor" and "does not have an interest materially adverse to the estate . . . by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason." 11 U.S.C. § 101(14). The phrase "interest materially adverse to the estate" is not defined by the Bankruptcy Code. The courts, however, have defined the phrase as follows:

> possessing, or serving as an attorney for a person possessing, either an 'economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant or a predisposition under the circumstances that render such a bias against the estate.'

In re Prince, 40 F.3d 356, 361 (11th Cir. 1994) (internal ellipses omitted).

Thus, in ruling on the Disqualification Motion, the Bankruptcy Court evaluated these legal principles alongside the threads connecting Berman and Shumaker to their longtime

clients, whose interests were allegedly adverse to the estate's creditors, this longtime client's potential liability to the bankruptcy estate, and whether Berman and Shumaker's omission of this representation from its initial disclosures violated Rule 2014. (Doc. # 11-52).

Here, this Court can review the Disqualification Order without relying on any of the issues raised in the Recusal Order. Whether Judge Williamson should have recused himself from the bankruptcy proceeding in general is a separate question from whether Shumaker violated Section 327 of the Bankruptcy Code or Bankruptcy Rule 2014 through its representation of a long-time client. As described above, the two Orders deal with entirely separate facts and principles of law.

What's more, resolution of the propriety of the Recusal Order is not necessary to the disposition of the appeal of the Disqualification Motion. See Summit Med. Assocs., 180 F.3d at 1335 (holding that pendent jurisdiction did not exist when resolution of the nonappealable issue was not necessary to resolve the appealable one); Moniz v. City of Fort Lauderdale, 145 F.3d 1278, 1281 n. 3 (11th Cir. 1998) ("Because we may resolve the qualified immunity issue in this case without reaching the [issue of standing], . . . we

conclude that the latter issue . . . does not fall within our pendent appellate jurisdiction under <u>Swint</u>.");  <u>Harris v. Bd. of Educ. of the City of Atlanta</u>, 105 F.3d 591, 595 (11th Cir. 1997) (declining pendent appellate jurisdiction because the qualified immunity issue could be resolved "without reaching the merits of the remaining questions" raised by the parties).

The cases relied on by the Estates in support of their pendent-jurisdiction argument are inapposite and distinguishable. (Doc. # 8 at 6-8). In <u>Chudasama v. Mazda Motor Corp.</u>, the district court granted a motion to compel certain discovery (the "compel order") and then later entered a sanctions order for alleged violations of the compel order (the "sanctions order"). 123 F.3d 1353, 1361-64 (11th Cir. 1997). On appeal, the Eleventh Circuit determined that it had jurisdiction to review the entire sanctions order and, "[b]ecause the sanctions order was issued in part for Mazda's purported violation of the district court's compel order, [it] also review[ed] that earlier order." <u>Id.</u> at 1365. The Eleventh Circuit reviewed the compel order even though the compel order was "clearly an interlocutory order over which [the court] would not normally have jurisdiction." <u>Id.</u> Pendent appellate jurisdiction existed over the compel order because "'[m]eaningful review' of the sanctions order clearly

require[d] review of the compel order [because] . . . the propriety of the sanctions order depend[ed] in large part on the propriety of the compel order." Id.; see also Id. at 1366 (explaining that, in evaluating whether a district court abused its discretion in imposing sanctions against a party for violating a court order, "we believe that an important factor is whether the entry of that order was itself an abuse of discretion").

And in Fox v. Tyson Foods, Inc., the dispute arose from an employment suit filed by workers at a Tyson plant in Albertsville, Alabama. 519 F.3d 1298, 1300 (11th Cir. 2008). The Albertsville employees moved to have the case certified as a collective action, but the district court denied the motion. Id. at 1301. After that suit was filed, 161 employees or former employees of a Tyson plant in Blountsville, Alabama, moved to intervene in the litigation. Id. The district court denied their motion, and the petitioners filed an interlocutory appeal of the denial of their motion to intervene. Id.

The Eleventh Circuit explained that, when the district court denied the motion to intervene, it relied in part on a factual finding from its denial of certification of a collective action. Id. Thus, because "a partial review of the

collective action order is necessary to ensure meaningful review of the denial of intervention," the Eleventh Circuit could properly exercise pendent appellate jurisdiction over the applicable factual finding in the collective action order. Id. at 1302.

Chudasama and Fox serve only to highlight how the exercise of pendent appellate jurisdiction would be inappropriate in this case. In both of those cases, review of the interlocutory order was **essential** to a fair disposition of the properly appealable order because the appealable order relied on the reasoning or findings of the interlocutory order. The same cannot be said here. See King, 562 F.3d at 1380 (explaining that pendent appellate jurisdiction does not exist "when resolution of the nonappealable issue [is] not necessary to resolve the appealable one.").

Here, the Recusal Order is not inextricably intertwined with the appealable Disqualification Order nor is the former decision necessary to ensure meaningful review of the latter. Chudasama, 123 F.3d at 1365. Thus, the Court declines to exercise pendent appellate jurisdiction over the Recusal Order. The Court strikes the Appellants' Notice of Appeal to the extent that it names the Recusal Order as an appealable order.

## C.   Denial of Interlocutory Appeal Not Dispositive

Finally, the Estates argue that this Court's prior denial of their motion for interlocutory appeal of the Recusal Order does not preclude the Court from reviewing that Order now, as a ride-along to the Disqualification Motion. (Doc. # 8 at 8-10). The Court agrees with the Estates that the issue of pendent appellate jurisdiction is a separate question from whether an interlocutory order may properly be appealed under 28 U.S.C. § 1292(b). See In re Anderson, 550 B.R. at 235-41 (determining whether certain issues in a bankruptcy appeal could be raised either through pendent appellate jurisdiction or through the granting of interlocutory review). This does not change the Court's conclusion, however, that neither doctrine serves to bring the Recusal Order before the Court at this time.

## D.   Motion to Strike the Designation of Record and Statement of Issues

Shumaker also requests that this Court strike the Appellants' Designation of Record and Statement of Issues to the extent that those documents relate to the Recusal Order. (Doc. # 3 at 1-2). The Bankruptcy Rules dictate that:

> If any difference arises about whether the record accurately discloses what occurred in the bankruptcy court, the difference must be submitted to and settled by the bankruptcy court and the

record conformed accordingly. If an item has been improperly designated as part of the record on appeal, a party may move to strike that item.

Fed. R. Bankr. P. 8009(e)(1).

Rule 8009(e)(1) "leaves no doubt that any dispute over designation of items must be adjudicated by the bankruptcy court, and not the district court to which the appeal has been assigned." In re Digerati Techs., Inc., 531 B.R. 654, 659 (Bankr. S.D. Tex. 2015). The authority to strike items from a record on appeal or a statement of issues rests within the bankruptcy court's jurisdiction. In re Nat'l Century Fin. Enters., Inc., 334 B.R. 907, 914 (Bankr. S.D. Ohio 2005). "This determination undoubtedly assists the appellate process as an appellate tribunal will not be burdened with sifting through improper designations. As in this case where the record originated from a proceeding before a bankruptcy court, efficiency suggests that a dispute over such record should be decided by the bankruptcy court." Id.; see also In re Ames Dep't Stores, Inc., 320 B.R. 518, 520–21 (Bankr. S.D.N.Y. 2005) (holding that the bankruptcy court is the proper forum for a dispute over the contents of the record on appeal, noting that "the bankruptcy court knows best was before it and what it considered in making its ruling").

The Bankruptcy Court is the proper venue for resolving the Motion to Strike as it relates to the Appellants' Designation of Record and Statement of Issues. Thus, Shumaker's Motion is denied without prejudice to the extent it seeks to strike the Appellants' Designation of Record and Statement of Issues. This denial is without prejudice to Shumaker's ability to bring a similar motion to strike in the Bankruptcy Court. See In re Nat'l Century Fin. Enters., 334 B.R. at 912 ("While the filing of a notice of appeal generally divests a bankruptcy court of jurisdiction to proceed with respect to matters raised by the appeal, actions in aid of the appeal are not beyond its authority." (citing In re Barrick Grp., Inc., 100 B.R. 152, 154 (Bankr. D. Conn. 1989)).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Appellee Shumaker, Loop & Kendrick, LLP's Motion to Strike, in part, the Notice of Appeal, Designation of Record and Statement of Issues (Doc. # 3) is **GRANTED** in part and **DENIED WITHOUT PREJUDICE** in part.

(2) The Court **STRIKES** the Appellants' Notice of Appeal (Doc. # 1) to the extent that it names the June 7, 2019, Recusal Order (Bankruptcy Court Docket No. 2219) as an appealable order.

(3)   To the extent that Shumaker's Motion seeks to strike the Designation of Record and Statement of Issues, the Motion is **DENIED WITHOUT PREJUDICE** to Shumaker's ability to file a similar motion before the Bankruptcy Court.

(4)   Shumaker is directed to file status reports with this Court every 30 days, reporting on whether and when it has filed a motion to strike before the Bankruptcy Court and the status of the Bankruptcy Court's resolution of the parties' dispute.

(5)   Once Shumaker either notifies the Court that it will not file a motion to strike before the Bankruptcy Court or once the Bankruptcy Court issues its ruling and the amended record on appeal has been filed, this case may proceed. This Court will not accept briefing or rule on this matter until that time.

**DONE and ORDERED** in Chambers in Tampa, Florida, this 31st day of October, 2019.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE